The Honorable Steve Danner Senator, District 28 State Capitol Building, Room 329 Jefferson City, Missouri 65101
Dear Senator Danner:
This opinion is in response to your question asking:
 If an incumbent state senator vacates office before the end of his term, a special election is necessary to fill the remainder of the term. Is the election held in the existing senate district (that district which elected the senator who is leaving office, i.e., the 1981 district lines), or in the newly drawn senate district (submitted by the appellate court judges in December of 1991)?
Section 21.090, RSMo 1986, provides for notification of the occurrence of a vacancy in either house of the general assembly.
 21.090. Vacancy, how filled. — If any member elected to either house of the general assembly resigns in the recess thereof, he shall address and transmit his resignation, in writing, to the governor; and when any member resigns during any session, he shall address his resignation, in writing, to the presiding officer of the house of which he is a member, which shall be entered on the journal; in which case, and in all cases of vacancies happening, or being declared, during any session of the general assembly, by death, expulsion or otherwise, the presiding officer of the house in which the vacancy happens shall immediately notify the governor thereof.
Where a vacancy occurs in either house of the general assembly, Article III, Section 14, of the Constitution of Missouri and Section 21.110, RSMo 1986, require the governor to issue a writ of election to fill the vacancy.
Sections 21.120 and 21.130, RSMo 1986, establish the procedures for holding an election to fill a vacancy in either house of the general assembly. These sections provide:
 21.120. Writs of election, how directed. — If any vacancy happens in the senate, for a district composed of more than one county, the writ of election shall be directed to the election authority of the county first named in the report establishing the district; and if the vacancy happens in a senatorial district, which has been divided or altered after the general election next preceding the occurrence of the vacancy, the writ of election shall be directed to the election authority of the county first named in the old district and if any vacancy happens in either house, for any county which has been divided after the general election next preceding the occurrence of the vacancy, the writ of election shall be directed to the election authority of the old county.
 21.130. Duty of election authority on receipt of writ. — The election authority to whom any writ of election is delivered shall cause the election to supply the vacancy to be held within the limits composing the county or district at the time of the next preceding general election, and shall issue its proclamation or notice for holding the election accordingly, and transmit a copy thereof, together with a copy of the writ, to the election authority of each of the counties within which any part of the old county or district lies, who shall cause copies of the notice to be put up, and the election to be held accordingly, in the parts of their respective counties as composed a part of the old county or district for which the election is to be held, at the last preceding general election; and the returns shall be made and the certificate of election granted in all things as if no division had taken place. [Emphasis added.]
In Attorney General Opinion No. 80, Webster, 1982, a copy of which is enclosed, this office observed the general rule that "for purposes of defining senatorial districts, the filing of the apportionment plan and map by the Judicial Commission terminates the existence of the old senatorial districts."Id., at 2. We noted, however, that "some exceptions to this general rule exist for such things as filling vacancies beforeall state senators are elected under the apportionment plan (Section 21.120, RSMo 1978). . . ." Id. [Emphasis in original.] See also Attorney General Opinion No. 82, Smith, August 21, 1952, a copy of which is enclosed, wherein this office concluded only counties comprising an old senatorial district were entitled to vote in a special election for senator to fill the vacancy for the remainder of the term. Based on the provisions in Sections 21.120 and 21.130, RSMo 1986, and the prior opinions of the Attorney General referred to above, we conclude that if an incumbent state senator vacates office after the filing of the apportionment plan and map but before the end of his term, the election to fill the vacancy is held within the boundaries composing the senatorial district at the time of the next preceding general election (the district which elected the senator who is leaving office).
CONCLUSION
It is the opinion of this office that if an incumbent state senator vacates office after the filing of the apportionment plan and map but before the end of his term, the election to fill the vacancy is held within the boundaries composing the senatorial district at the time of the next preceding general election.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 80, Webster, 1982 Opinion No. 82, Smith, August 21, 1952